NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

SHAWN LEE WALTERS, *Appellant.*

No. 1 CA-CR 14-0399
FILED 4-23-2015

Appeal from the Superior Court in Maricopa County
No.  CR2011-162027-001 SE
The Honorable Phemonia L. Miller, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Law Office of Michael J. Dew, Phoenix
By Michael J. Dew
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Judge Michael J. Brown delivered the decision of the Court, in which Presiding Judge Samuel A. Thumma and Judge Patricia A. Orozco joined.

---

**B R O W N**, Judge:

**¶1**　　　　Shawn Lee Walters appeals his convictions and sentences for two counts of aggravated driving under the influence of intoxicating liquor. Counsel for Walters filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297, 451 P.2d 878 (1969), advising that after searching the record on appeal, he was unable to find any arguable grounds for reversal. Walters was granted the opportunity to file a supplemental brief *in propria persona*, but he has not done so.

**¶2**　　　　Our obligation is to review the entire record for reversible error. *State v. Clark*, 196 Ariz. 530, 537, ¶ 30, 2 P.3d 89, 96 (App. 1999). We view the facts in the light most favorable to sustaining the conviction and resolve all reasonable inferences against Walters. *State v. Guerra*, 161 Ariz. 289, 293, 778 P.2d 1185, 1189 (1989). Finding no reversible error, we affirm.

**¶3**　　　　In March 2012, Walters was indicted for two counts of aggravated driving under the influence of intoxicating liquor, a class 4 felony, in violation of Arizona Revised Statutes section 25-1383(A)(1). The following evidence was presented at trial.

**¶4**　　　　In the early morning hours of June 11, 2011, Officer James Wood observed Walters' car weaving within its lane on a freeway. The vehicle was braking despite being the only car on the road, and its speed varied. At one point, the right-side tires completely entered the gore point.

**¶5**　　　　Wood then initiated a traffic stop. The car was slow to yield, finally pulling over after exiting the freeway. When Wood asked Walters for identification, Walters stated he did not have a license and instead presented an Arizona ID card. Wood could smell a strong odor of alcohol coming from the interior of the vehicle. When Wood questioned Walters about drinking, Walters stated that he "had a couple."

**¶6**　　　　Wood asked Walters to exit the vehicle and administered field sobriety tests, including the Horizontal Gaze Nystagums ("HGN") and the "walk-and-turn" test. Wood noted that Walters had a strong odor of

alcohol on his breath, and exhibited poor balance. Walters registered six of six "cues" on the HGN and performed poorly on the walk-and-turn test. Walters was placed under arrest and transported to the police station where he submitted to a breath test, which revealed alcohol concentrations of 0.183 and 0.173. Additionally, Walters' driving privileges were suspended at the time of the incident.

¶7        A jury found Walters guilty as charged. Prior to sentencing, the court found that the State had met its burden of proving Walters had two prior felony convictions. After considering the aggravating and mitigating circumstances, the court sentenced Walters to mitigated concurrent terms of six years' imprisonment for each count, with 99 days of presentence incarceration credit applied to each count. Walters timely appealed.

¶8        We have searched the entire record for reversible error and have found none. All of the proceedings were conducted in accordance with Arizona Rules of Criminal Procedure. The record shows Walters was present at all pertinent proceedings and was represented by counsel. Walters had an opportunity to speak before sentencing, and the sentence imposed was within the statutory limits. Accordingly, we affirm Walters' convictions and sentences.

¶9        Upon the filing of this decision, counsel shall inform Walters of the status of the appeal and his options. Defense counsel has no further obligations unless, upon review, counsel finds an issue appropriate for submission to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584-85, 684 P.2d 154, 156-57 (1984). Walters shall have thirty days from the date of this decision to proceed, if he so desires, with a *pro per* motion for reconsideration or petition for review.



Ruth A. Willingham · Clerk of the Court
F I L E D : ama